DAVID RANDALL *vs.* E. D. PAYNE & others.

October Term, 1873.

BILL OF REVIEW—ANSWER.—An answer to a bill of review which admits that the pleadings and decrees in the original cause are substantially stated in the bill of review, is equivalent to a demurrer, or to a plea of the former decree, and a demurrer to the opening of the enrollment, and the cause may be heard as if the usual and formal mode of defense had been resorted to.

SAME—ERROR OF LAW APPARENT.—A decree which goes beyond the allegations of the bill, and fails to dispose of matters of equity in the cross-bill, is erroneous for error of law apparent, and will be reviewed and annulled.

*H. H. Harrison,* for complainant.

*M. M. Brien,* for defendant.

THE CHANCELLOR:—In an elaborate written opinion delivered in this case upon the motion to dismiss the bill for want of equity on its face, I came to the conclusion that upon the facts stated in the bill taken as true, there was error apparent in the decree sought to be reviewed. The defendant has since answered the bill, and in his answer admits that both the contents of the original bill and of the answer filed also as a cross-bill "are substantially stated in the bill of review." This is a fair admission that the pleadings upon which the decree was rendered and the decree itself are correctly set out in the bill of review. The bill, as a bill of review, is, therefore, now heard as if the usual and proper mode of defense had been made to it so far as it is a bill of review, that is, by demurrer, or by a plea of the decree, and a demurrer to the opening of the enrollment.

Upon re-examination, I am satisfied with the correctness of my first conclusion. Payne's original bill shows that the trade between him and Beech was, in substance, an exchange of property. Beech conveyed to Payne 70.3-4 acres of land, and Payne conveyed to Beech certain lots, and transferred certain notes. The lots conveyed by Payne to Beech were subject to mortgages to the Building and Loan Association, and to guaranty him against loss by reason of these encumbrances Beech retained a lien on the 70 3-4 acres of land. On the other hand, the 70 3-4 acres were encumbered by a

mortgage debt to the Stretchs, and Payne retained a lien on the lots conveyed by him to Beech to indemnify him against this Stretch debt. His bill was filed to enforce this lien, and alleged that the 70 3-4 acres had been subjected to the Stretch debt and lost to him. He sought, therefore, to recover from Beech the full amount of the entire consideration at which the 70 3-4 acres were valued in the trade, namely, $10,613.50, and he took his decree against Beech for this sum, and interest, amounting to $19,527.50, and declared that the same was a lien on the lots conveyed by him to Beech and by Beech to Randall, when, it is clear, these lots were not liable to the whole recovery against Beech, but only to the amount of the Stretch debt. The only lien reserved on the lots was for this latter debt, and, whatever might be the rights of Payne against Beech, the lots could only be bound, in the hands of third persons, to the lien expressly reserved. Moreover, the answer and cross-bill of Randall showed clear equities by reason of the assignment by Beech to him of the notes on third persons, endorsed by Payne, given in part consideration of the 70 3-4 acres, which are not disposed of by the decree. The decree must, therefore, be reviewed, reversed and for nothing held, and the defendant Payne must pay the costs.